Titone, J.
(concurring). I agree that the facts presented by this case do not require suppression. In light of the fact that the officers were acting during the course of a hot pursuit of an armed robbery suspect, which unavoidably led them into a dark alley, they were justified in handcuffing defendant for the limited purpose of facilitating a frisk to ensure their own safety. Since defendant’s statement was made immediately and there is no indication that defendant was confined in handcuffs beyond the point that was necessary to enable the officers to complete a limited pat-down, there is no ground for disturbing the Appellate Division’s finding that an arrest did not occur.
*381 I cannot join the majority’s memorandum opinion, however, because I find its language overly broad and its analysis insufficiently protective of Fourth Amendment rights. Use of phrases that evoke vivid images of police officers in danger may have some superficial appeal, but they ultimately only serve to obscure, rather than enhance, analysis. Indeed, the Supreme Court’s decision in Dunaway v New York (442 US 200), in which the court rejected an attempt to distinguish between "arrests” and "custodial detentions for questioning,” should make us particularly wary of terms like "nonarrest detention.”
Moreover, although there are those rare situations such as this one (see also, People v Chestnut, 51 NY2d 14), in which the use of handcuffs is not necessarily the equivalent of an arrest, I am extremely uncomfortable with the majority’s formulation, which suggests that a street encounter accompanied by the use of handcuffs may not be deemed an arrest in the future if the handcuffing is not "gratuitous” or "prolonged.” In my view, the majority’s unnecessary speculation about the use of handcuffs in other situations (see, majority opn, at 380) creates a very real risk that handcuffing will increasingly become an accepted practice in connection with the limited "stop and frisks” authorized by Terry v Ohio (392 US 1), since, by definition, these citizen-police encounters are all characterized by the presence of an articulable threat to the officers’ safety.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Titone concurs in a separate opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.